United States Court of Appeals,

Eleventh Circuit.

No. 93-9148.

UNITED STATES of America, Plaintiff-Appellee,

v.

Sterling Elliot BROWN, Defendant-Appellant.

March 9, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-CR-215-ODE), Orinda D. Evans, Judge.

Before HATCHETT and COX, Circuit Judges, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

The sole issue in this case is whether the district court erred when it increased the appellant's criminal history category from IV to VI under guideline 4A1.3 of the Sentencing Guidelines.

The appellant pleaded guilty to a charge of escape, and the presentence investigation report (PSI) placed him in criminal history category IV. Appellant's criminal history category of IV and his offense level of 11 resulted in a presumptive range of 18 to 24 months.

When the case came on for sentencing, the district court advised the appellant that it intended to increase his criminal history category under section 4A1.3 of the Sentencing Guidelines. Three prior convictions were not considered in determining the criminal history category because the sentences imposed fell outside the time period section 4A1.2 of the Sentencing Guidelines establishes. In sentencing the appellant, the district court increased his criminal history category from IV to VI, which

enhanced the sentencing range to 27 to 33 months.

The appellant makes two challenges to the district court's upward departure. As to the first, appellant contends that the guidelines prohibited the district court from relying on the three previous convictions because they were not similar to the offense for which he was being sentenced—escape. Appellant's contention is without merit because the guidelines permit the sentencing court to consider, as grounds for a 4A1.3 departure, outdated convictions that are dissimilar, but "serious." *See* U.S.S.G. § 4A1.2, comment.; *United States v. Williams,* 989 F.2d 1137, 1141 (11th Cir.1993). The district court found the prior convictions serious, and stated:

> Now, I recognize that these fraud offenses or fraud type offenses are not similar to the offense of escape, but I feel that particularly when you look at all of these offenses in the aggregate; that is, the offenses preceding the escape conviction, *what you find is a pattern which as a whole seems very serious to me because it continued over such a long period of time.* [Emphasis added.]

The appellant's second contention is that the district court failed to follow our guidance announced in *Williams,* 989 F.2d at 1142, where we held: "When departing upward under the auspices of 4A1.3, the court must look first to the next criminal history category." Our review of the record persuades us that the district court was well aware of the fact that the three remote convictions would have added eight or nine criminal history points and was "well above" the level required for category VI. We find the following district court's statements to be persuasive on this point:

> In deciding to go up to level VI, I have done so because it appears to me if I were to add the point totals for the

three remote felony convictions, they would more than qualify the defendant for offense level VI.  I believe it would add eight or nine points to the criminal history score.  So, actually, it would be well above that required for offense level VI.

Although the district court did not specifically discuss offense level V, it is clear that the court gave reasons to advance from level IV to level VI.  Consequently, the district court considered whether level V was appropriate in this case and decided that it was not sufficient in light of the appellant's history.

Finding no error, we affirm.

AFFIRMED