[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-12340

_____

D. C. Docket No. 97-08109-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE ROBERT HUNERLACH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 27, 2001)**

Before BARKETT and HULL, Circuit Judges, and LIMBAUGH[*], District Judge.

BARKETT, Circuit Judge:

---

[*] Honorable Stephen N. Limbaugh, U.S. District Judge for the Eastern District of Missouri, sitting by designation.

George Hunerlach appeals the 57-month sentence and $250,000 fine imposed after his convictions for tax evasion, 26 U.S.C. § 7201, and for making false statements, 26 U.S.C. § 7206(1). He argues that his 57-month sentence should be reversed because the district court abused its discretion at resentencing when it departed upward from criminal-history category I to criminal-history category III under U.S.S.G. § 4A1.3.

## Background

In 1988, Hunerlach pled guilty to filing a false tax return for the 1983 tax year. Pursuant to the plea, Hunerlach agreed to pay the income tax liabilities for that year within a "reasonable time." Despite this agreement, from 1988 to 1997, Hunerlach failed to make any payments and instead transferred assets out of the country to prevent their seizure by the Internal Revenue Service ("IRS"), as well as purchased, sold, and/or mortgaged property through the use of nominee corporations. In 1994, during a meeting with an IRS Revenue Officer to discuss Hunerlach's tax liabilities, Hunerlach orally provided false information regarding his assets to the IRS agent and provided the same false information on a signed IRS Form 433A (Collection Information Statement for Individuals). As a result, Hunerlach was convicted of one count of willfully attempting to evade and defeat the payment of income taxes for the years 1981 though 1988, in violation of 26

U.S.C. § 7201, and one count of willfully signing a Form 433A, that he did not believe to be true and correct as to every material matter, in violation of 26 U.S.C. § 7206(1). Hunerlach appealed his convictions and sentence and this Court affirmed his conviction but vacated his sentence and remanded for resentencing. United States v. Hunerlach, 197 F.3d 1059, 1062 (11th Cir. 1999). Hunerlach now appeals the sentence imposed on remand.

At resentencing, the district court began the sentencing guidelines computation by calculating the tax loss for purposes of determining Hunerlach's base offense level. In doing so, the district court considered the entire amount Hunerlach owed, including the payment which he attempted to evade for taxable years 1981 through 1988. This amounted to $544,555.24, which yielded a base offense level of 17. The district court then referred to Section 4A1.1 of the Guidelines to determine whether he could assign points to Hunerlach based upon prior criminal history. Section 4A1.1 provides for the addition of a certain number of points for each prior sentence of imprisonment when determining a defendant's criminal history category ("CHC"). Guidelines Section 4A1.2 defines "prior sentence" as:

> [A] sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. See § 4A1.2(a). A sentence imposed after the defendant's commencement of the instant

3

offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct *other than* conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of section 1B1.3 (Relevant Conduct).

U.S.S.G. § 4A1.2, cmt. n.2 (emphasis added).[1]

Ordinarily, the CHC calculated in this manner will sufficiently account for the seriousness of the defendant's criminal history. However, Section 4A1.3 envisions that there will be "limited circumstances" in which the CHC will not be adequate and provides that in certain circumstances the district court may consider an upward departure. U.S.S.G. § 4A1.3.

In this case, the district court, in determining Hunerlach's criminal history category, could not count Hunerlach's 1988 conviction because that conviction was not a "prior" conviction pursuant to the definition of that term in Section 4A1.2. That is, the 1988 conviction was for conduct that had been considered "part of the instant offense" and had been included by the district court as part of the relevant conduct on the current conviction. See U.S.S.G. § 4A1.2., cmt. n.2. Without being able to count the 1988 sentence, Hunerlach's criminal history score was zero and his CHC was I. The district court felt that this category "understated

[1] Commentary and Application Notes to the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines. Stinson v. United States, 508 U.S. 36, 38 (1993).

4

the seriousness of defendant's criminal history."[2]  Therefore, the district court found that while the 1988 conviction must be excluded from determining the CHC, the court could consider the conviction for purposes of departing from the Guidelines under Section 4A1.3.  The district court proceeded to depart across the Guidelines' Sentencing Table from CHC I, skipping CHC II, and establishing Hunerlach's criminal history category as CHC III.  Accordingly, Hunerlach was sentenced to 57 months' imprisonment on Count One and 36 months' imprisonment on Count Two, the terms to run concurrently, followed by three years of supervised release.  In addition, the district court also departed upward from the otherwise applicable guideline fine range, and imposed a fine of $250,000.   On appeal Hunerlach challenges both the imprisonment and fine provisions of his sentence.

As to the sentence of imprisonment, Hunerlach argues that the district court lacked authority to depart upward from CHC I because the prior conviction that served as a basis for finding his criminal history score inadequate was part of the "relevant conduct" of the instant offense which the district court had already included in the computation of the base offense level.

---

[2] As to Count Two, pursuant to U.S.S.G. §§ 5G1.1(a) and 5G1.2(b), Hunerlach's Guideline sentence is 36 months, the statutory maximum under 26 U.S.C. § 7206(1).   Therefore, Hunerlach's challenge to the upward departure relates only to the sentence imposed on Count One.

As to the fine imposed, Hunerlach argues that the district court erred when it departed upward from the sentencing guidelines fine range and imposed the statutory maximum fine of $250,000 because:

> (1) the district court did not notify him that it was considering a departure from the Guidelines fine table as required by Burns v. United States, 501 U.S. 129, 138-39 (1991) and Fed. R. Crim. P. 32;
>
> (2) the district court failed to make the requisite findings to support a lawful departure from the guidelines, U.S.S.G. § 5E1.2(d); and
>
> (3) the district court failed to excuse him from payment of a fine based upon his inability to pay, U.S.S.G. § 5E1.2(a).

We review the district court's application of the sentencing guidelines de novo. United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997); United States v. Lewis, 115 F.3d 1531, 1536 (11th Cir. 1997). We accept the district court's findings of fact related to sentencing unless they are clearly erroneous, see Barakat, 130 F.3d at 1452, and we review departures from the Sentencing Guidelines under the abuse of discretion standard, see Koon v. United States, 518 U.S. 81, 96-100 (1996).

**Discussion**

The first question in this case is whether a district court can depart upward from CHC I based on criminal conduct which also constitutes relevant conduct that the district court has already considered in calculating the base level for the offense

6

of conviction.

Application note 1 of Section 4A1.2 defines the conduct underlying a "prior sentence" and "relevant conduct" as mutually exclusive. The Sentencing Guidelines thus clearly prohibit a sentencing court from considering relevant conduct in initially determining the applicable CHC. The Government argues, however, that while Section 4A1.2 prohibits the sentencing court from considering relevant conduct in calculating the applicable CHC, it does not prohibit the sentencing court from again considering relevant conduct in determining whether a departure from that category pursuant to Section 4A1.3 is appropriate. Section 4A1.3 provides:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
>
> (a) prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses);
> (b) prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions;
> (c) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order;

7

(d) whether the defendant was pending trial or sentencing on another charge at the time of the instant offense;
(e) prior similar adult criminal conduct not resulting in a criminal conviction.

U.S.S.G. § 4A1.3.[3]

We are persuaded that the logical inference from the language of Section 4A1.3 is that the Sentencing Commission intended that the word "prior" have the same meaning as it has in Section 4A1.1 and as defined in Section 4A1.2. It would seem illogical to have chosen the same terminology in Section 4A1.3 as in Section 4A1.1 yet accord a it different meaning. When a district court determines that the conduct underlying a conviction is relevant conduct to the instant offense, and considers it as a factor in calculating the base offense level, it cannot then be

---

[3] The commentary to Section 4A1.3 provides the following example of when a departure under Section 4A1.3 might be appropriate:

> For example, a defendant with an extensive record of serious, assaultive conduct who had received what might now be considered extremely lenient treatment in the past might have the same criminal history category as a defendant who had a record of less serious conduct. Yet, the first defendant's criminal history clearly may be more serious. This may be particularly true in the case of younger defendants (e.g., defendants in their early twenties or younger) who are more likely to have received repeated lenient treatment, yet who may actually pose a greater risk of serious recidivism than older defendants.

U.S.S.G. § 4A1.3, cmt. background.

8

simultaneously considered as a "prior sentence" under Section 4A1.3.[4] <u>See</u> <u>United States v. Baird</u>, 109 F.3d 856 (3d Cir. 1997) (stating in dicta that "prior" means unrelated to the offense of conviction); <u>United States v. Jones</u>, 948 F.2d 732 (D.C. Cir. 1991); <u>United States v. Adudu</u>, 993 F.2d 821, 823 (11th Cir. 1993) (reversing where upward departure was based on circumstances of current crime, not past criminal conduct); <u>United States v. Kim</u>, 896 F.2d 678, 683 (2d Cir. 1990) ("[b]y focusing on 'prior' misconduct [in U.S.S.G. § 4A1.3(e)], the Commission was obviously contemplating acts not relevant to the offense of conviction, since those acts would enter into the 'relevant conduct' analysis used to determine the base offense level and specific offense characteristics"); <u>United States v. Coe</u>, 891 F.2d 405, 409-10 (2d Cir. 1989) ("where a defendant commits a series of similar crimes, it would be elevating form over substance to regard the early episodes in the series as 'prior criminal history' simply because the defendant pled guilty to the last in the series, rather than the first."). <u>But see</u> <u>United States v. Ashburn</u>, 38 F.3d

---

[4] Of course, prior convictions not counted toward the criminal history score under Section 4A1.2 may be considered as a basis for an upward departure under Section 4A1.3. Thus while Section 4A1.2 prohibits the use of convictions which are remote in time from the offense of conviction, Section 4A1.3 specifically permits a departure based on those convictions when they are either similar to the offense of conviction or otherwise serious. U.S.S.G. § 4A1.2, cmt. n. 8; <u>see also</u>, <u>United States v. Brown</u>, 51 F.3d 233, 234 (11th Cir. 1995). It is only because Hunerlach's prior conviction is for conduct that is "relevant" to the instant offense, and therefore is not "past" criminal conduct, that it cannot be counted under either Section 4A1.2 or Section 4A1.3.

803, 808 n.14 (5th Cir. 1994) (en banc) (holding that a district court may consider prior similar criminal conduct that is the subject of dismissed counts of an indictment may justify an upward departure and stating in dicta that "prior" means prior to sentencing). Accordingly, under the facts of this case, the district court erred in departing upward to CHC III based on the 1988 conviction.

As to the fine imposed in this case, we find no error. Under the Sentencing Guidelines, the imposition of a fine is mandatory unless "the defendant establishes that he is unable to pay and is not likely to become able to pay." U.S.S.G. § 5E1.2(a). Unless the defendant establishes his inability to pay all or part of a fine, the fine imposed "shall be within the range specified" in the table set forth in subsection (c) of Section 5E1.2. Once the court determines that a fine is appropriate, the Sentencing Guidelines require the court to consider eight factors in setting the amount of the fine, including the evidence presented as to the defendant's ability to pay. U.S.S.G. § 5E1.2(d).

In this case, the Guideline range for the imposition of a fine was $7,500 to $75,000. U.S.S.G. § 5E1.2(c)(3). The district court found that Hunerlach was able to pay a fine and upwardly departed, imposing a fine of $250,000, the statutory maximum for his offense. We review this departure for abuse of discretion. Koon,

518 U.S. at 99.

As to Hunerlach's argument that the district court failed to provide notice of its intent to depart as required by Burns v. United States, 501 U.S. at 138-39, we find that he has failed to meet his burden. Burns requires the district court to give "reasonable notice" that it is contemplating an upward departure in the sentencing range established by the Sentencing Guidelines. Id. at 138. "This notice must specifically identify the ground on which the district court is contemplating an upward departure." Id. at 138-39. This Court has held that Burns requires that the notice "must affirmatively indicate that an upward departure is appropriate based on a particular ground" and that the defendant must be provided with notice "setting forth the potential ground (or grounds) for the upward departure within a 'reasonable' amount of time prior to the sentencing hearing." United States v. Paslay, 971 F.2d 667, 673-74 n.11 (11th Cir. 1992). However, because Hunerlach failed to object to the lack of notice under Burns at the sentencing hearing, our review is limited to plain error. See id. at 674 n. 13 ("Burns notice will be subject to waiver and limited review under the plain error rule when a defendant fails to make a timely objection predicated on Burns.").

For this Court "to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." United States v.

11

Stevenson, 68 F.3d 1292, 1294 (11th Cir. 1995) (per curiam). We conclude that even if notice was lacking under Burns, this error did not affect Hunerlach's substantial rights. Paslay, 971 F.2d at 674. On appeal, Hunerlach has offered no arguments, other than those he raised at sentencing, to challenge the fine. Hunerlach's principal challenge to his fine on appeal is that he lacks the ability to pay the fine. Hunerlach raised this objection at sentencing and he has not shown that, had he had notice, he would have been able to present additional evidence or arguments to support his objection. See United States v. Lopreato, 83 F.3d 571, 577 (2d Cir. 1996) (finding that even if notice was lacking under Burns, the error was harmless as the only argument defendant claimed he would have made had he been afforded notice had clearly been considered by the district court).

We also find no merit to the claim that the district court failed to impose the fine in accordance with the requirements of the Sentencing Guidelines or that the district court clearly erred in finding that he had the ability to pay. The Guidelines require that the factors listed in Section 5E1.2(d) must be considered prior to the imposition of any fine. We have not, however, required that the district court make express specific findings concerning each of these factors. We have simply required sufficient record evidence to support the conclusion that the factors were considered. United States v. Garrison, 133 F.3d 831, 849 (11th Cir. 1998) (citing

12

United States v. Lombardo, 35 F.3d 526, 529-30 (11th Cir. 1994)). The PSR in

this case delineated Hunerlach's financial situation based upon interviews with

Hunerlach's wife and other witnesses. It also provided information with respect to

the other factors enumerated in Section 5E1.2 and concluded that based on this

information, Hunerlach was able to both pay a fine and satisfy outstanding tax

liabilities. In addition, the Government noted that at the time of trial Hunerlach

admitted that he had $400,000 to $450,000 in Barclays Bank in the Bahamas and

that he had spent over a decade moving his assets offshore and into the names of

nominee owners. At sentencing Hunerlach argued that he had sold the assets listed

in the PSR. However, he presented no documentation of these transfers nor

testimony as to what had happened to the proceeds. Moreover, the amount of the

departure in this case, far from being prohibited by the Sentencing Guidelines, is

specifically contemplated by the Guidelines:

> The Commission envisions that for most defendants, the maximum of the guideline fine range from subsection (c) will be at least twice the amount of gain or loss resulting from the offense. Where, however, two times either the amount of gain to the defendant or the amount of loss caused by the offense exceeds the maximum of the fine guideline, an upward departure from the fine guideline may be warranted.

> Moreover, where a sentence within the applicable fine guideline range would not be sufficient to ensure both the disgorgement of any gain from the offense that otherwise

13

> would not be disgorged (e.g., by restitution or forfeiture) and an adequate punitive fine, an upward departure from the fine guideline range may be warranted.

U.S.S.G. § 5E1.2, cmt. (4). According to the PSR, the tax loss in this case was $544,555 and the total actual loss to the government exceeded $3,000,000, thus twice the amount of the tax loss alone is over $1,000,000 and twice the total is over $6,000,000. Based on this record we are satisfied that the district court did not abuse its discretion in imposing the fine in this case.

## Conclusion

For all of the foregoing reasons we affirm the district court's sentence on Count II, affirm the district court's imposition of the fine in this case, and vacate the district court's sentence on Count I and remand for resentencing consistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.