[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15305
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00002-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACINTO LOPEZ-VELASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 21, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Jacinto Lopez-Velasquez appeals his 46-month sentence following his guilty plea to illegal re-entry of an aggravated felon in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends that the district court erred in applying an upward departure under U.S.S.G. § 4A1.3. Lopez-Velasquez also argues that his sentence was substantively unreasonable.

I.

Lopez-Velasquez asserts two challenges to the district court's upward departure. He contends that the district court erred in relying upon his remote convictions to impose an upward departure because they were dissimilar convictions that do not fit within § 4A1.3(A)–(E). Lopez-Velasquez's argument is without merit. As grounds for a § 4A1.3 departure, the guidelines permit the sentencing court to consider outdated convictions that are dissimilar, but "serious." See U.S.S.G. § 4A1.2, comment (n.8); United States v. Brown, 51 F.3d 233, 234 (11th Cir. 1995). The district court concluded that Lopez-Velasquez's remote convictions were serious because they showed a pattern of criminal behavior that spanned over a long period of time. The district court noted that Lopez-Velasquez's convictions started in the late 1980s and observed that "the conduct implicated resources with communities that had to deal with the repeated conduct and quality of life issues with folks that were the victims of some of these

2

offenses." See Brown, 51 F.3d at 234 (rejecting defendant's argument that it was improper to consider his three prior convictions where the district court concluded that they showed "a pattern which as a whole [was] very serious . . . because it continued over such a long period of time"). The district court did not err in relying upon Lopez-Velasquez's remote convictions.

Lopez-Velasquez also contends that the district court failed to follow the proper procedure for imposing a departure. He argues that the district court did not provide a reasoned basis for increasing his criminal history category from II to V. "When departing upward under § 4A1.3, the sentencing court generally is required to compare the defendant to other defendants in the next highest criminal history category until an appropriate category is reached." United States v. Maurice, 69 F.3d 1553, 1559 (11th Cir. 1995); see also United States v. Williams, 989 F.2d 1137, 1142 (11th Cir. 1993). However, when a sentencing court selects a higher criminal history category under § 4A1.3 by adding point totals for remote convictions, an explanation of that calculation serves as an adequate explanation for the inappropriateness of the intervening criminal history categories. Maurice, 69 F.3d at 1559.

Lopez-Velasquez's argument again lacks merit. The district court methodically went through each of his remote convictions and assigned points to

them. After doing so, the district court concluded that Lopez-Velasquez's remote convictions would add 11 points, resulting in a criminal history category of VI. The district court, however, placed Lopez-Velasquez in a criminal history category of V, observing that the "math gets you to six" but that it was "going to be slightly more lenient" because of the sincerity of his remorsefulness. The district court provided an adequate explanation for the departure from criminal history category II to V.

II.

Lopez-Velasquez also challenges the substantive reasonableness of his sentence. We review a sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). A sentence must be both procedurally and substantively reasonable. United States v. Livesay, 525 F.3d 1081, 1090–91 (11th Cir. 2008). In assessing the substantive reasonableness of a sentence, we review the totality of the circumstances "including the extent of any variance from the Guidelines range." See Gall, 552 U.S. at 51, 128 S.Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

4

Lopez-Velasquez contends that his 46-month sentence was greater than necessary to achieve the purposes of § 3553(a) because his remote convictions were related to his drug addiction and recurring homelessness. He argues that a sentence within the advisory guidelines would have adequately achieved the purposes of sentencing. Given Lopez-Velasquez's extensive criminal history and repeated deportations, we cannot say that the district court's sentence, which was well below the statutory maximum, was unreasonable.

**AFFIRMED.**