[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16616
Non-Argument Calendar

_____

D. C. Docket No. 05-80071-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTIN CEDENO,
a.k.a. Valentin Cedena,

Defendant-Appellant.

_____

No. 05-16617
Non-Argument Calendar

_____

D. C. Docket No. 05-80071-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL CONCEPCION,
a.k.a. Angel Lopez,

Defendant-Appellant.

———————————————

Appeals from the United States District Court
for the Southern District of Florida

———————————————

**(December 6, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

CARNES, Circuit Judge:

Valentin Cedeno and Angel Concepcion participated in a smash-and-grab job, using sledgehammers to bash open a large display case at Mayor's Jewelers in Boca Raton, Florida. They made off with 108 expensive watches with a total value of $1,485,000. The store got the watches back after the police recovered them, and it spent $13,929 repairing the damage some of the watches suffered during the smashing and grabbing.

Cedeno and Concepcion each pleaded guilty and were convicted of conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), and of robbery in violation of 18 U.S.C. §§ 1951(b). The key issue at sentencing was the amount of "loss" under United States Sentencing Guidelines §§ 2B3.1(b)(7)(E)–(F) (2004).

2

If the loss did not exceed $1,500,000, Cedeno and Concepcion were due a four-step increase in the offense level, but if it exceeded $1,500,000, they were in line for a five-step increase. Id.

The district court calculated the amount of the loss at $1,501,430.60, which included the market value of the watches before any damage ($1,485,000), the cost of repairing the damaged watches ($13,929), and the miscellaneous damage that the defendants inflicted on the jewelry store itself during the heist ($2,501.60). It was undisputed that even after they were repaired the watches were worth $18,750 less than they would have been but for the crime, but the district court did not use that fact in its calculation. Cedeno and Concepcion contend that the district court erred in counting in its loss calculation the repair cost along with the entire fair market value of the watches. Counting the repair cost increased their offense level one step and upped the advisory guidelines range the district court used to arrive at a sentence of 65 months for each of defendant. (Without the extra step in the offense level the range would have been 51 to 63 months instead of 57 to 71 months.)

Section 2B1.1 provides that "loss is the greater of actual loss or intended loss," and § 2B3.1 defines loss as "the value of the property taken, damaged, or destroyed." U.S.S.G. § 2B3.1 cmt. n.3 (2004). The district court found that the

3

cost of repairing the watches should be included in the amount of loss because: (1) the damage to the watches was a reasonably foreseeable result of Cedeno and Concepcion smashing the jewelry case with sledgehammers, (2) loss should be measured from the perspective of the victim, and (3) the victim actually spent money to repair the watches.

Taking up the district court's reasons in the order given, its "reasonably foreseeable" perspective apparently derives from the new commentary to § 2B1.1 of the guidelines as revised by Amendment 617. U.S.S.G. § 2B1.1 cmt. n.3(A)(iv) (2004) ("For purposes of this guideline, 'reasonably foreseeable pecuniary harm' means pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense"). Although the commentary to § 2B3.1 formerly cross-referenced the loss definition of § 2B1.1, see U.S.S.G. § 2B3.1 cmt. n.3 (Nov. 1, 2000) ("Valuation of loss is discussed in the Commentary to §2B1.1 . . ."), Amendment 617 removed that cross-reference. U.S.S.G. app. C 151 (2003, vol. 2). That means the district court's reliance on the commentary in the new § 2B1.1 was erroneous. Instead, Amendment 617 provides that the former definition of loss contained in the commentary to the old § 2B1.1 should be used in calculating loss under § 2B3.1. Id. at 181. Before 2001, the commentary to § 2B1.1 of the guidelines stated:

4

> 'Loss' means the value of the property taken, damaged, or destroyed. Ordinarily, when property is taken or destroyed the loss is the fair market value of the particular property at issue. Where the market value is difficult to ascertain or inadequate to measure harm to the victim, the court may measure loss in some other way, such as reasonable replacement cost to the victim. . . . When property is damaged, the loss is the cost of repairs, not to exceed the loss had the property been destroyed.

U.S.S.G. § 2B1.1 cmt. n.1 (Nov. 1, 2000). This method of valuation caps the cost of repairing damaged property at the same amount that would have been used if the property had been totally destroyed, which is the full fair market value before the crime.

Even if the reasonable forseeability test of the new § 2B1.1 did apply, it would not justify including both the fair market value of the watches and the cost of repairing them. The largest amount of damage that Cedeno and Concepcion could have reasonably foreseen doing to the watches was 100% of their fair market value. There is no damage that can be done beyond total destruction. The district court had already included the entire fair market value of the watches at the time of the crime in its calculation of the loss before adding the cost of repairs.

The second reason the district court gave, that loss should be measured from the perspective of the victim, does not support including both the value of the watches before the crime and the cost of repairing the damage to them afterwards, either. From Mayor's Jewelers' perspective the most it possibly could have lost

5

because of what was done to the watches themselves is $1,485,000. Because the watches were recovered, the actual loss suffered by Mayor's was the $13,929 cost of repair plus the $18,750 diminution in the fair market value even after repair, for a total of $32,679. That is far below the total value of the property "taken, damaged, or destroyed," which is the measure under U.S.S.G. § 2B3.1 cmt. n.3 (2004) .

The third reason the district court gave for adding the cost of repair to the value the watches had before any damage is that Mayor's did spend money to repair the damaged watches in a reasonable effort to minimize its losses. It was able to do so only because the police recovered the damaged watches. Had Cedeno and Concepcion effectively hidden the watches, or smashed them to metallic dust, Mayor's would have had no opportunity to mitigate its losses and there would be no repair costs to hold against the defendants. It would be an odd construction of § 2B3.1 that allowed the recovery of property to actually increase the sentence of a thief, thereby encouraging those who had stolen property that was damaged to destroy it. Even putting the backwards incentive aside, it would make no more sense to include in the calculation of loss both the value of the property taken and the cost of the damage inflicted than it would to double a loss by counting the value of property when it is taken and then counting it again if the property is

6

destroyed before it is discovered. These untoward results are avoided by the rule specified in U.S.S.G. § 2B3.1 cmt. n.3, which sets the loss at "the value of the property taken, damaged, <u>or</u> destroyed." (emphasis added).

We review loss calculations for clear error, <u>United States v. Hamaker</u>, 455 F.3d 1316, 1336 n.19 (11th Cir. 2006), and including in the loss calculation both the entire value of the watches that were taken and the cost of repairing those that were damaged is clear error. On remand the district court should recalculate the loss amount by deducting the repair costs, and after arriving at a new advisory guidelines sentencing range proceed to resentence Cedeno and Concepcion.

**VACATED AND REMANDED.**