[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 1, 2007
THOMAS K. KAHN
CLERK

No. 06-11093
Non-Argument Calendar

_____

D. C. Docket No. 05-60021-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BACH MCCOMB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 1, 2007)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Bach McComb appeals his sentence for causing a misbranded drug to be introduced into interstate commerce, in violation of 21 U.S.C. § 331(a). McComb, an osteopathic physician whose license to practice medicine had been suspended, admitted he injected himself and three others with Botulinum Toxin Type A, a highly potent toxin that causes a muscle-paralyzing condition, that he knew had not been approved for use in humans. McComb contends the district court: (1) erroneously applied a two-level increase to his offense level for a loss amount exceeding $5,000; (2) based its decision to depart upward on impermissible factors; and (3) imposed an unreasonable sentence. We affirm his sentence.

## I. DISCUSSION

### A. *Loss Calculation*

We review the district court's loss calculation for clear error. *United States v. Cedeno*, 471 F.3d 1193, 1196 (11th Cir. 2006). If a district court commits an error in calculating the Guidelines range, we must remand unless the district court "would have likely sentenced [the defendant] in the same way without the error." *United States v. Scott*, 441 F.3d 1322, 1329 (11th Cir. 2005).

The district court calculated a base offense level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2), and then added the following specific offense characteristics: (1) a 2-level increase under § 2B1.1(b)(1)(B) for a loss amount exceeding $5,000; (2) a

2-level increase under § 2B1.1(b)(12) because the offense involved the conscious or reckless risk of death or bodily injury; and (3) a 2-level increase under § 2B1.1(b)(8)(C) because the offense involved a violation of a prior administrative order that suspended McComb's medical license and precluded him from performing injections. Thus, McComb's offense level totaled 12. The district court then increased the offense level to 14, in accordance with § 2B1.1(b)(12), which states that, if the resulting offense level is less than 14, the offense level should be increased to 14.

McComb challenges only the application of § 2B1.1(b)(1)(B); he does not challenge the application of § 2B1.1(b)(12). Assuming the district court's finding the loss amount exceeded $5,000 was clearly erroneous and that 2-level increase was therefore improper, McComb's base offense level of 6, in combination with the 2 unchallenged 2-level increases, would have resulted in an offense level of 10. Pursuant to § 2B1.1(b)(12), this would have been increased to level 14, which is the same level calculated by the district court. Thus, we need not decide whether the district court's finding was clearly erroneous. Any possible error by the district court with respect to the loss calculation is harmless because it did not affect the district court's calculation of the Guidelines range. Additionally, the district court sentenced McComb to the statutory maximum, stating his conduct warranted "the

3

most severe penalty available" to the district court. Consequently, the district court is likely to have imposed the same sentence on McComb regardless of any error in the loss amount calculation.

B. *Upward Departure*

The district court's obligation to calculate the Guidelines range correctly applies to upward departures. *United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir.), *cert. denied*, 126 S. Ct. 812 (2005). We review departures from the Guidelines in three analytical steps: (1) the district court's interpretation of the Guidelines is a legal conclusion reviewed *de novo*; (2) the district court's factual basis for a departure is reviewed for clear error; and (3) the extent of the departure is reviewed for reasonableness. *United States v. Maurice*, 69 F.3d 1553, 1556 (11th Cir. 1995). Reasonableness is evaluated "in light of the § 3553(a) factors and the reasons stated by the district court for departing." *United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006).

A district court may depart if "significant physical injury resulted" from the defendant's conduct. U.S.S.G. § 5K2.2. According to this provision, "[t]he extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked." *Id.* Thus, in cases where "the victim suffers a major,

permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate." *Id.*

Furthermore, a district court may depart under U.S.S.G. § 5K2.0 if "there is something atypical about the defendant or the circumstances surrounding the commission of the crime which significantly differ from the normal or heartland conduct in the commission of the crime." *United States v. Blas*, 360 F.3d 1268, 1273 (11th Cir. 2004) (quotations omitted). The district court's determination as to whether a case is "outside the heartland" is entitled to "substantial deference." *United States v. Melvin*, 187 F.3d 1316, 1320 (11th Cir. 1999).

"A guided departure is one based on a factor about an offense or a defendant that the Guidelines expressly discuss." *United States v. Simmons*, 368 F.3d 1335, 1338 (11th Cir. 2004). If a guideline encourages courts to consider a factor that has not already been taken into account by the specific guideline under which the defendant is sentenced, that factor may always be used as the basis for an upward departure. *Id.* at 1339. If a guideline encourages courts to consider a factor that has already been taken into account by the guideline under which the defendant is sentenced, however, that factor may be the basis for an upward departure only if "the factor is present to an exceptional degree not contemplated by the Guidelines." *Id.* (quotations omitted).

5

Both §§ 5K2.0 and 5K2.2 warrant an upward departure. First, with regard to the application of § 5K2.0, McComb argues the district court improperly based its decision to depart upward on the fact he administered the injections of Botulinum Toxin Type A when his medical license was suspended, a factor which had been taken into account by the two-level increase to his offense level under § 2B1.1(b)(8)(C) for violating an administrative order. McComb did not raise this argument to the district court, so we review it for plain error.[1] *See Maurice*, 69 F.3d at 1556-57.

Under the circumstances of this case, the district court did not commit plain error by considering McComb's license suspension as a factor in its decision to depart upward, even if this factor was accounted for in calculating McComb's Guidelines range. First, we note this factor had no effect on McComb's Guidelines range because, as explained previously, his offense level would have been 14, pursuant to § 2B1.1(b)(12), regardless of the 2-level enhancement for violating an administrative order. Second, in the unique circumstances of this case, "the factor is present to an exceptional degree not contemplated by the Guidelines." *See Simmons*, 368 F.3d at 1339. A doctor injected a toxin into three of his patients

---

[1] Plain error arises where: "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002).

when he knew the toxin was not approved by the Federal Drug Administration for use in humans, and regardless of the contents of the injection, he was prohibited from administering any injections because of the suspension of his medical license. Furthermore, his victims had no knowledge of either of these facts. We agree with the district court's conclusion this conduct was "egregious" and "totally inexcusable," and the district court did not commit plain error by considering this factor as a justification for an upward departure.

Additionally, as the district court found, § 5K2.2 provides a basis for an upward departure because of the significant physical injuries that resulted from McComb's offense. To the extent McComb argues in his reply brief this factor had also already been accounted for in calculating his Guidelines range, he waived this argument by not raising it in his initial appellate brief. *See United States v. Britt*, 437 F.3d 1103, 1104-05 (11th Cir. 2006).

Additionally, we find the extent of the departure, from the advisory Guidelines range of 12 to 18 months' imprisonment to the statutory maximum of 36 months' imprisonment, 21 U.S.C. § 333(a)(2), was reasonable. The victims' injuries were substantial and included total paralysis, complete incapacitation, and months of hospitalization, and the testimony at the sentencing hearing established the victims continued to experience medical complications such as hearing loss and

7

respiratory difficulties. Additionally, the district court's decision reflected consideration of the following 18 U.S.C. § 3553(a) factors to determine the extent of the departure: McComb's history, the nature and circumstances of the offense, the seriousness of the offense, the need to protect the public, and the need to deter similar criminal conduct.[2] Accordingly, the district court did not err in applying §§ 5K2.2 and 5K2.0 and the departure to the statutory maximum sentence was reasonable.

C. *Reasonableness*

Having determined the Guidelines range was properly calculated, we review the ultimate sentence imposed by the district court for reasonableness, considering the final sentence, in its entirety, in light of the § 3553(a) factors. *Martin*, 455 F.3d at 1237. The burden to show the sentence is unreasonable is on the party challenging the sentence. *Id.*

As previously stated, the district court considered § 3553(a) factors in sentencing McComb to the statutory maximum. McComb contention the district court did not sufficiently consider mitigating factors is without merit. The district court stated that, in determining McComb's sentence, it considered all of the

---

[2] McComb's argument the district court improperly considered general deterrence as a factor is without merit because general deterrence is an appropriate consideration under 18 U.S.C. § 3553(a)(2)(B). *See Martin*, 455 F.3d at 1240.

arguments and evidence presented, specifically pointing out the letters submitted on McComb's behalf and the presentence investigation report, which reflected McComb's lack of a criminal history. Additionally, the district court acknowledged McComb suffered injuries as a result of his conduct. Nonetheless, after weighing the other § 3553 factors, the district court found the statutory maximum sentence of 36 months was appropriate due to McComb's "egregious" conduct. In light of the district court's consideration of several of the § 3553(a) factors, McComb has not met his burden of showing the district court imposed an unreasonable sentence.

## II. CONCLUSION

First, any possible error committed by the district court in calculating McComb's Guidelines range was harmless. Additionally, the district court did not err in applying an upward departure pursuant to U.S.S.G. §§ 5K2.2 and 5K2.0, and the extent of the departure was reasonable. Third, the final sentence of 36 months' imprisonment was reasonable. Accordingly, we affirm McComb's sentence.

**AFFIRMED.**