United States Court of Appeals,

Eleventh Circuit.

No. 94-4485.

UNITED STATES of America, Plaintiff-Appellee,

v.

Frantz MAURICE, Defendant-Appellant.

Dec. 5, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-376-CR-SH), Shelby Highsmith, Judge.

Before COX, Circuit Judge, HILL and REYNALDO G. GARZA [*], Senior Circuit Judges.

PER CURIAM:

Frantz Maurice appeals the district court's upward departure from the sentence prescribed by the United States Sentencing Guidelines. We affirm.

I. FACTS AND PROCEDURAL HISTORY

From February 1992 through about June 1993, Maurice represented himself as an attorney licensed to practice law in three states, including Florida. Maurice advertised his services, listing these bar memberships and other credentials, in several foreign newspapers. From his "law office" in Miami, Florida, he charged numerous undocumented aliens between $500 to $1500 per case for representation before the Immigration and Naturalization Service (INS). On his clients' requests for political asylum and for work privileges filed with the INS, he certified that he was licensed to practice law in the state of Florida. In fact, Maurice

_____

[*] Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

is neither a law school graduate nor a member of the bar of any state. The INS discovered Maurice's activities, and he was indicted on thirty-three counts of mail fraud, in violation of 18 U.S.C. § 1341 (1994), and eighteen counts of making false statements regarding a matter within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1001 (1994). He pled guilty to all but two counts of mail fraud and one count of making false statements.

The district court used the sentencing guidelines to calculate Maurice's sentence. Under U.S.S.G. § 2F1.1, the court found the total adjusted offense level to be 13. *See* United States Sentencing Commission, *Guidelines Manual* (Nov. 1994). The Presentence Investigation Report (PSI) counted one prior adult criminal conviction for attempted possession of stolen property to yield two criminal history points, placing the appellant in criminal history category II. *See* U.S.S.G. §§ 4A1.1(b); 5A. The PSI also listed nine prior adult criminal convictions, but did not count them in calculating appellant's criminal history score because the convictions were more than ten years old. *See* U.S.S.G. § 4A1.2(e)(2). Finally, the PSI listed several factors, including the older convictions, as bases that might warrant an upward departure from the sentence set by the guidelines.

The district court departed from the guidelines sentence under U.S.S.G. § 4A1.3[1] because the appellant's criminal history score

---

[1]U.S.S.G. § 4A1.3 provides in part:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or

did not adequately reflect the seriousness of his past criminal record or the likelihood of his recidivism. Noting that the nine older convictions would yield an additional 17 criminal history points if counted, the court elevated Maurice's criminal history points to 19. Using the sentencing table found at § 5A of the Guidelines, the court began at offense level 13, moved horizontally across from criminal history category II to category VI, and then moved vertically down two offense levels (to offense level 15) to arrive at a sentence range of 41-51 months. The court sentenced appellant to a 51-month term of imprisonment and a period of supervised release. Maurice appeals, contesting the validity of the upward departure.

## II. STANDARD OF REVIEW

The Sentencing Reform Act, 18 U.S.C. § 3551 *et seq.,* 28 U.S.C. §§ 991-998 (1994), which established the Sentencing Commission and vested it with the authority to promulgate the guidelines, provides for limited appellate review of guideline sentences. 18 U.S.C. § 3742(f).[2] We review departures from the

the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.

[2]*See, Williams v. United States,* 503 U.S. 193, 198-99, 112 S.Ct. 1112, 1118-19, 117 L.Ed.2d 341 (1992). In *Williams,* the Supreme Court addressed the scope of appellate review of departures from the sentencing guidelines. Our three-step analysis for sentencing departures is consistent with *Williams. See United States v. Brown,* 9 F.3d 907, 912 (11th Cir.1993),

sentencing guidelines in three analytical steps.  First, the legal question of the district court's interpretation of the guidelines is reviewed *de novo.  United States v. Weaver,* 920 F.2d 1570, 1573 (11th Cir.1991).  Second, the factual basis for a departure is reviewed for sufficiency under a clear error standard.  *Id.* Finally, the direction and scope of a departure are reviewed for reasonableness.  *Id.*  However, if a party fails to make a specific objection at the sentencing hearing after being given an opportunity to do so by the district court, we will only hear a challenge to the upward departure under a plain error standard. *United States v. Jones,*  899 F.2d 1097, 1102-03 (11th Cir.1990); *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled on other grounds, United States v. Morrill,* 984 F.2d 1136 (11th Cir.1993).

### III. CONTENTIONS OF THE PARTIES

Maurice contends that the district court erred in upwardly departing under U.S.S.G. § 4A1.3 from the sentence otherwise set by the Guidelines.[3]  On appeal he asserts three grounds for this objection.  First, he argues that departures under U.S.S.G. § 4A1.3 are calculated by going vertically down the sentencing table by increasing offense levels, rather than by going horizontally across the table by increasing criminal history categories.   Second, Maurice argues that the district court erred by failing to consider

---

*cert. denied,* --- U.S. ----, 115 S.Ct. 152, 130 L.Ed.2d 91 (1994).

[3]Had the district court not added an additional 17 criminal history points to the appellant's score under § 4A1.3, an offense level of 13 and criminal history category of II would yield a sentence range of 15 to 21 months.  *See* U.S.S.G. § 5A.

the nature as well as the number of his prior offenses when departing above criminal history category VI.  Third, Maurice contends that the departure is unreasonable because the district court failed to consider the appropriateness of intervening criminal history categories and offense levels when calculating the upward departure.  The Government contends that Maurice failed to preserve an objection to the upward departure at the sentencing hearing.

## IV. DISCUSSION

If Maurice failed to comply with *Jones,* we will review the upward departure under a plain error standard.  *See* 899 F.2d at 1102-03.  Therefore, we must first decide whether appellant preserved the grounds of objection to the upward departure that he now asserts.

## A. Preservation of the Objection

The general rule that an appellate court will not hear arguments advanced for the first time on appeal applies to sentencing proceedings.  *United States v. Prichett,* 898 F.2d 130, 131 (11th Cir.1990).  In an effort to ensure that objections to sentencing are made and the grounds for those objections clearly stated at the sentencing hearing, in *Jones* we instructed district courts to elicit objections and clearly articulated grounds for those objections following the imposition of a sentence.  899 F.2d at 1102.  If the district court complies with our instruction in *Jones* and "a party is silent *or fails to state the grounds for objections,*" the objections are waived.  *Id.* (emphasis added).  An objection that has been waived will only be entertained on appeal

under the plain error doctrine to avoid manifest injustice. *United States v. Neely,* 979 F.2d 1522, 1523 (11th Cir.1992).

The district court complied with *Jones* by asking for objections after imposition of the sentence. The appellant responded: "[W]e would reserve an objection as to the departure." (R. 2 at 102.) This statement, taken alone, is not sufficient to preserve the issue for appeal because *Jones* requires a clear explanation of the basis for the objection.

Appellant contends that the argument in support of his objection was stated prior to the imposition of sentence. *Jones* gave several reasons for requiring counsel to state the grounds for objections to sentencing: "Clear articulation will aid the district court in correcting any error, tell the appellate court precisely which objections have been preserved and which have been waived, and enable the appellate court to apply the proper standard of review to those preserved." *Jones,* 899 F.2d at 1102-03. These rationales are served so long as the objection to be preserved and the grounds for the objection are clear to the sentencing court at the conclusion of the hearing. *Jones* does not necessarily require a party to repeat objections made during the course of sentencing proceedings following the imposition of sentence.[4] Similarly, a party is not required to reargue a general objection made after sentencing if the argument in support of that objection has previously been presented to the sentencing court and the reasons

---

[4]We noted in *Jones* that an appeal could have been avoided in that case if "the court, after pronouncing sentence, had asked counsel whether there were any objections ... *other than those previously stated for the record.*" 899 F.2d at 1102 (emphasis added).

for the objection remain clear after the sentence is pronounced. Therefore, if an argument for appellant's objection was made prior to imposition of the sentence, we will hear the objection on those grounds.

Appellant claims that the grounds for his objection were stated after the court's decision to depart under § 4A1.3:

> Mr. Korchin [counsel for the appellant]: Your Honor, at the appropriate time may I be heard on something?
>
> The Court: Yes, sir, you may.
>
> Mr. Korchin: Judge, I am not absolutely certain about the formula used in departing due to the inadequacy of the criminal history. I know that under a previous guideline manual the procedure was, as outlined here, to move horizontally across the criminal history category, but, I may be incorrect, but I believe the new procedure under this guideline manual is to move vertically down.

(R. 2 at 98.) On this appeal appellant makes three arguments in support of his objection; only one of these arguments can be deciphered from the above passage. We hold that appellant preserved an objection to the upward departure only as to whether the departure should be calculated by moving across or down the sentencing table. Appellant did not ask the district court to consider the nature of his prior convictions, nor did he challenge the reasonableness of the departure by requesting that the court consider intervening criminal history categories or offense levels. The purposes of the rule in *Jones* are to give the district court an opportunity to correct errors and to produce a record that will guide appellate review. *Jones,* 899 F.2d at 1102. Neither of these purposes is served with respect to a particular argument if it is not made first to the district court. Appellant waived these arguments by not presenting them at the sentencing hearing and we

will only consider them under a plain error standard.

B. Calculation of the Upward Departure

Determining whether an upward departure under U.S.S.G. § 4A1.3 is calculated by going horizontally across or vertically down the sentencing table requires an interpretation of the Guidelines. It is therefore a legal question subject to *de novo* review. *See United States v. Dukovich,* 11 F.3d 140, 141 (11th Cir.1994), *cert. denied,* --- U.S. ----, 114 S.Ct. 2112, 128 L.Ed.2d 671 (1994).

Section 4A1.3 of the Sentencing Guidelines authorizes a departure "when the criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3, p.s. Although § 4A1.3 expressly contemplates departures beyond criminal history category VI (the highest category on the sentencing table), there was once little guidance on how to calculate a departure above category VI. *See* U.S.S.G. § 4A1.3 (Nov. 1991). In 1992, § 4A1.3 was amended to explain that departures beyond category VI are calculated by moving vertically down from category VI by increasing offense levels.[5]

---

[5]U.S.S.G.App. C (amend. 460) (effective November 1, 1992). Section 4A1.3 now provides:

> The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted.
>
> Where the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from

At appellant's sentencing hearing, the probation officer suggested that a departure under § 4A1.3 could be calculated by adding 17 additional criminal history points to the appellant's score, placing him into what she called a "criminal history category of VIII". (R. 2 at 98.) The probation officer further explained to the court that the departure was calculated by beginning at offense level 13, criminal history category II, then moving horizontally across four columns to category VI, then moving vertically down two offense levels to level 15. (R. 2 at 98-99.); *see* U.S.S.G. § 5A. This process resulted in a sentence range of 41-51 months. The court adopted the suggested departure. *Id.* Appellant argues that the district court erred by moving horizontally across the sentencing table rather than vertically down and by creating a criminal history category that does not exist.

The record is clear that the district court used the method suggested in the policy statement in calculating the departure. The calculation explained by the probation officer and adopted by the court follows the procedure described in § 4A1.3. Appellant's argument that the court used a flawed procedure to calculate the guideline range is without merit.

Because the appellant waived his remaining arguments by failing to raise them in the district court, we review them only

Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

U.S.S.G. § 4A1.3, p.s.

for plain error. Appellant argues that the court failed to consider the nature as well as the number of his prior offenses. When departing above criminal history category VI pursuant to § 4A1.3, the policy statement indicates that "the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." At the sentencing hearing, the judge stated that the appellant "has been, throughout most of his life at least, bound upon a course of deceit and fraud." (R. 2 at 99.) This statement reflects that the court did consider the nature of appellant's prior offenses. There is no error here, plain or otherwise.[6]

Appellant also argues that the departure was unreasonable because the district court failed to consider intervening criminal history categories and offense levels. When departing upward under § 4A1.3, the sentencing court generally is required to compare the defendant to other defendants in the next highest criminal history category until an appropriate category is reached.[7] However, where

---

[6]The sentencing judge made other statements indicating that he considered the nature as well as the number of appellant's older convictions. Before sentencing, the court stated that "[t]his was an instance of someone who calculatingly over a course of a long period of time passed himself off as something he was not for lucre, money." (R. 2 at 95.) Because it is clear in this case that the court did consider the nature of appellant's prior offenses, we need not decide whether the quoted language from § 4A1.3 requires the court to consider the nature of prior offenses on the record or merely suggests a factor for the court to consider.

[7]*United States v. Williams,* 989 F.2d 1137, 1142 (11th Cir.1993); *United States v. Huang,* 977 F.2d 540, 543-44 (11th Cir.1992); *United States v. Johnson,* 934 F.2d 1237, 1239 (11th Cir.1991). This requirement is based on the following portion of § 4A1.3:

a sentencing court selects a higher criminal history category under § 4A1.3 by adding point totals for remote convictions, we have held that an explanation of this calculation serves as an adequate explanation for the inappropriateness of the intervening criminal history categories. *See United States v. Brown,* 51 F.3d 233, 234 (11th Cir.1995). Because the departure in this case was calculated in the same manner as the departure in *Brown,* 51 F.3d 233, and that calculation was explained at the hearing, the district court adequately explained the departure from category II to category VI. Appellant also argues that the district court failed to consider the next offense level when departing above criminal history category VI. Before the 1992 amendment to § 4A1.3, the district court was not required to conduct such a step-by-step inquiry when departing above criminal history category VI. *United States v. Simmons,* 924 F.2d 187, 191 (11th Cir.1991). Arguably, under *United States v. Brown,* 9 F.3d 907, 913 (11th Cir.1993), the rule in *Simmons* is unchanged by the 1992 amendment. However, it is unclear

---

> In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with Criminal History Category IV, the court should look to the guideline range specified for a defendant with Criminal History Category IV to guide its departure.

U.S.S.G. § 4A1.3, p.s.

whether *Brown* applied § 4A1.3 as amended in 1992.[8]  We do not decide the question because we find the departure above category VI reasonable, which forecloses any possibility of plain error.

## V. CONCLUSION

Because the only objection that Maurice preserved is meritless, and because appellant cannot show plain error on the part of the district court, we affirm appellant's sentence.

AFFIRMED.

.    .    .    .    .

.    .    .    .    .

---

[8]*Brown* quotes an amended version of § 4A1.3, but the opinion does not give the date on which Brown was sentenced.  9 F.3d at 909.  When sentencing a defendant under the Guidelines, a district court generally is required to use the Guidelines in effect at the time of the sentencing hearing.  18 U.S.C. § 3553(a)(4) (1994);  *United States v. Marin,* 916 F.2d 1536, 1538 (11th Cir.1990).