[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 17, 2011
JOHN LEY
CLERK

No. 10-14317
Non-Argument Calendar

_____

D.C. Docket No. 9:09-cr-80066-KAM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN MORANGE NELSON,
a.k.a. Jean Monique Nelson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 17, 2011

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jean Morange Nelson appeals the sentence imposed following his guilty plea to thirteen counts of alien smuggling placing in jeopardy the lives of aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), (a)(1)(A)(v)(II), and (a)(1)(B)(iii), and nine counts of alien smuggling resulting in death, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (a)(1)(B)(iv). After a thorough review of the record, we affirm.

In May 2009, the U.S. Coast Guard conducted a search and rescue operation off the coast of Palm Beach County, Florida. They located nine deceased individuals and sixteen survivors. A subsequent investigation lead authorities to Nelson and others who had arranged to transport about thirty people into the United States by boat. During the trip, the boat experienced engine trouble and began to take on water. To avoid the leak, the passengers moved to one side of the boat, causing the boat to capsize. After the rescue, several of the survivors identified Nelson as the driver of the boat.

Nelson pleaded guilty to thirteen counts of alien smuggling placing in jeopardy the lives of aliens, and nine counts of alien smuggling resulting in death. Under the terms of the plea agreement, the government would recommend a within-guideline sentence. The parties also agreed that the calculations would include an enhancement for creating a substantial risk of death or serious bodily

2

injury, U.S.S.G. § 2L1.1(b)(6), but no enhancements for role in the offense or obstruction of justice.[1]

The court determined the applicable guideline range based on the following: The offense level was 12 under § 2L1.1(a)(3), with a 6-level enhancement because at least 25 aliens were involved, § 2L1.1(b)(2)(B), a 2-level enhancement because one of the passengers was an unaccompanied minor, § 2L1.1(b)(4), a 2-level enhancement for substantial risk of death or serious bodily injury, § 2L1.1(b)(6), and a 10-level enhancement because the offense involved a death, § 2L1.1(b)(7)(D).[2] Nelson received a 3-level reduction for acceptance of responsibility, but the court considered each death as a separate group, which added multiple count adjustments and raised the total offense level.[3] As a result, Nelson's guideline range was 151 to 188 months.

---

[1] The plea agreement also contained a waiver-of-appeal provision. But one of the exceptions to the waiver permitted Nelson to appeal if the sentence imposed was the result of an upward departure or variance. Because the district court imposed an upward departure, or alternatively a variance, we conclude that the waiver provision does not bar Nelson's appeal.

[2] Nelson requested a reduction for his minor role in the offenses and sought a downward departure or variance. He also challenged the enhancement for substantial risk of injury. He later withdrew these objections so as not to breach the plea agreement. Although Nelson implies that this withdrawal was involuntary, he does not offer any argument on the issue and thus has waived it.

[3] Had the court calculated Nelson's guideline range without the multi-count adjustment for each death, the applicable guideline range would have been 87 to 108 months' imprisonment.

3

At sentencing, several of the survivors testified about the conditions during the trip, the lack of life jackets and adequate food or water, and the deaths of their loved ones. The court concluded that an upward departure was warranted because, although § 2L1.1 took into account death during the offense, it did not consider multiple deaths. After reviewing other cases in which a death had occurred during smuggling, and considering the sentences imposed in those cases, the court stated that Nelson's offense was "outside the heartland of alien smuggling cases" and involved "an extraordinarily horrific event." Alternatively, the court explained that even if there was no basis to depart, an upward variance would be appropriate given the nature and circumstances of the offense and that the circumstances required "severe punishment." After considering the parties' arguments, the advisory guideline range, and the sentencing factors in 18 U.S.C. § 3553(a), the court sentenced Nelson to 156 months' imprisonment "[b]ased upon the serious and reckless nature of the offense which resulted in the loss of nine lives," as well as the need to provide deterrence and protect the public. This is Nelson's appeal.

A district court's application of an upward departure is reviewed for abuse of discretion. *United States v. Melvin*, 187 F.3d 1316, 1320 (11th Cir. 1999). We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party

4

challenging the sentence bears the burden of proving the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

A. Upward Departure

We review departures in three analytical steps: (1) the district court's interpretation of the Guidelines is reviewed *de novo*, (2) the factual basis for a departure is reviewed for clear error, and (3) the extent of the departure is reviewed for reasonableness. *United States v. Maurice*, 69 F.3d 1553, 1556 (11th Cir. 1995). A defendant's failure to object to allegations of fact in a presentence investigation report (PSI) admits those facts for sentencing purposes, and his failure to object precludes any argument that the district court erred in making the factual findings. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

After *United States v. Booker*, 543 U.S. 220 (2005), the district court is obligated to properly calculate the guideline range, and this obligation also applies to upward departures. *United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005). Under U.S.S.G. § 5K2.0, the district court may depart if there is an aggravating circumstance, "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." U.S.S.G. § 5K2.0(a)(1)(A) (2009). Furthermore, even if the basis for the departure has been considered in the guideline range, the court can still consider it "if the court determines that such

5

circumstance is present in the offense to a degree substantially in excess of . . . that which ordinarily is involved in that kind of offense." *Id.* § 5K2.0(a)(2)(B). Under § 5K2.1, the district court may depart above the guideline range if the death resulted from the offense. *Id.* § 5K2.1.

Here, Nelson challenges the court's decision to depart upward. But we need not consider whether the court properly calculated the guideline range with the upward departure because any error was harmless. *United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006) (explaining that a Guidelines calculation error is harmless, and thus does not require remand, when (1) the record includes evidence that the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence imposed would be reasonable even if the Guidelines issue had been decided the other way); *see also United States v. Tampas*, 493 F.3d 1291, 1305 (11th Cir. 2007) (reasoning that the district court stated that it would have imposed the same sentence regardless of its guideline calculations, recognized the advisory nature of the guidelines, stated that the sentence complied with the 18 U.S.C. § 3553(a) factors, and imposed a sentence within the statutory maximum). The court stated that even if it had erred, it would apply an upward variance under the § 3553(a) factors. Thus, we will affirm the sentence imposed as long as it is reasonable.

B. Reasonableness

In determining reasonableness, we "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Talley*, 431 F.3d at 788; *see also Gall v. United States*, 552 U.S. 38, 52–53 (2007). Under § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely one that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, deters criminal conduct, protects the public from future criminal conduct by the defendant, and provides the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1).

With regard to substantive reasonableness, "[t]he district court has wide discretion to decide whether the section 3553(a) factors justify a variance." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 2166 (2011). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing

the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation omitted). The weight to be given any particular factor is left to the sound discretion of the district court absent a clear error of judgment. *Id.* We do not "reweigh relevant factors . . . unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

Here, Nelson's 156-month sentence is reasonable. The district court considered the § 3553(a) factors and adequately explained the sentence. The court considered the number of deaths involved, the sentence imposed in other alien-smuggling cases in which a death had occurred, and the need to provide adequate deterrence from such conduct. Nelson has not shown that the court abused its discretion in weighing these factors. Accordingly, we affirm the sentence imposed.

**AFFIRMED.**