[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12447
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00014-ACC-KRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SCOTT EDWARD NELSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 27, 2012)

Before TJOFLAT, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Scott Nelson appeals his sentence of 87-months imprisonment for an armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Although the Federal Sentencing Guidelines provided a range of 63 to 78-months imprisonment for Nelson's crime of conviction, the district court sentenced him above the guideline range based on his criminal history.

Nelson raises two issues on appeal. First, he claims that the district court considered factors irrelevant to his criminal history in deciding to upwardly depart from the guideline range under § 4A1.3. Second, he argues that the district court erred when it did not sua sponte continue the sentencing hearing after deciding to depart from the Sentencing Guideline range. After careful consideration of these alleged procedural defects, we affirm Nelson's sentence.

## I.

We review the procedural reasonableness of a sentence under an abuse-of-discretion standard. United States v. Barrington, 648 F.3d 1178, 1194 (11th Cir. 2011). However, "the degree of deference that is due varies with the type of procedural error alleged." United States v. Ellisor, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). Specifically, "[a] district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Id. (quotation marks

2

omitted). Thus, "[w]e review <u>de novo</u> the district court's interpretation of the Guidelines and its application of the Guidelines to the facts," and we review the district court's factual findings for clear error. <u>United States v. Campbell</u>, 491 F.3d 1306, 1315 (11th Cir. 2007) (quotation marks omitted).

When "a party fails to make a specific objection at the sentencing hearing after being given an opportunity to do so by the district court, we will only hear a challenge to the upward departure under a plain error standard." <u>United States v. Maurice</u>, 69 F.3d 1553, 1556 (11th Cir. 1995).

## II.

Section 4A1.3 of the Sentencing Guidelines "authorizes a court to depart upward from a defendant's sentencing guidelines range where the defendant's criminal history category fails to adequately reflect the seriousness of his past criminal conduct or the likelihood of recidivism." <u>United States v. Jones</u>, 289 F.3d 1260, 1266–67 (11th Cir. 2002). In deciding whether the "criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," a sentencing judge may consider, among other things, "[p]rior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions" and "[p]rior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(a)(2)(B) and (E) (2011).

3

Here, the district court departed from the guideline range pursuant to § 4A1.3. The sentencing judge explained that the departure was appropriate based on the violent nature and disruptive consequences of the crime; Nelson's "extensive criminal history including a prior federal conviction in which he kidnapped, assaulted and robbed his own father"; Nelson's history of supervision; and Nelson's history of violence, mental illness, and substance abuse before and during his incarceration.

Nelson argues that the district court erred in considering facts largely unrelated to his criminal history in justifying a departure based on § 4A1.3. Specifically, he contends that the facts relating to the violent nature of the crime, the consequences of the crime, his history of mental illness, disciplinary issues in prison, and substance abuse problems are irrelevant to his criminal history. Thus, he argues it was not appropriate for the district court to consider these facts to justify an upward departure based on his criminal history. He also asserts that consideration of these facts was improper because these factors had already been counted against him through an increase in his offense level. The government responds that the district judge simply "stated together its reasons for the sentence, as required by section 3553(c) and its reason for departure under section 4A1.3."[1]

---

[1] The government suggests that Nelson believes the district court considered irrelevant factors because of the way the paragraphs are structured in the sentencing hearing transcript. Specifically, in one paragraph, the district court states that a departure is appropriate under §

Nelson is correct insofar as "an upward departure [based on § 4A1.3] must be based on factors relating to past criminal conduct as opposed to the offense for which the defendant is being sentenced." Jones, 289 F.3d at 1267. "The rationale behind such policy is that circumstances of the current offense are evaluated in calculating the offense level, and, therefore, consideration of these same factors for the criminal history category would unfairly count them twice." Id. However, a district court does not err when it acknowledges the current offense "only in observing that [it] represented the latest in a long, sustained history of criminal activity." Id. at 1267-68. Thus, that the district court described Nelson's crime of conviction as part of the larger picture of Nelson's history of violence and recidivism does not mean the district court abused its discretion in departing from the guideline range.

In fact, the district court supported its conclusion that Nelson's criminal history category substantially under-represented the seriousness of his criminal history and the likelihood that that he will commit additional crimes. Section 4A1.3 provides that "the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." U.S.S.G. § 4A1.3 comment. (n.2(B)). In 1994, after attacking his father

4A1.3 then proceeds to describe the violent nature of Nelson's crime. In the next paragraph, the district court describes that Nelson has a history of violence. The government explains that Nelson's argument lacks merit because the court reporter, not the district judge, structured the paragraphs. This argument is unavailing. We will not hypothesize that Nelson's argument is based on a premise he has not articulated and then reject his argument on this basis.

and forcing him to rob a bank, Nelson was convicted of possession of a firearm by a convicted felon and transportation of a stolen motor transportation of stolen currency. After his release in 2008, Nelson violated the terms of his supervised release by fleeing from his probation officer. While in prison, Nelson was sanctioned for similarly violent conduct, including eleven instances of assault without serious injury, two instances of possession of a dangerous weapon, and fifteen reports of threatening bodily harm.[2] The district court properly applied the facts to the Sentencing Guidelines and reasonably concluded that an upward departure was appropriate under § 4A1.3.

Nelson also asserts that the district court failed to explain whether the criminal history category was increased by one or two points or whether the offense level was increased by one or two points. The government responds that the district court determined that Nelson's offense level was 25, his criminal history category was II, and his guideline range was 63 to 78 months. The government explains that the district judge "implicitly proceeded along the horizontal axis and sentenced Nelson at the top of the guidelines range applicable to a total offense level 25 and criminal history category III, the next category up (which carries a sentencing range of 70 to 87 months)."

---

[2] The Presentence Investigative Report (PSI) reflects that Nelson denies these allegations. However, at the sentencing hearing, Nelson conceded that the events did occur.

6

Our precedent provides that upward departures based on the relevant criminal history category applicable to the defendant are horizontal departures. See United States v. Taylor, 88 F.3d 938, 947 (11th Cir. 1996). Thus, for Nelson, an upward departure under § 4A1.3 left him with a criminal history category of III, an offense level of 25, and a guideline range of 70 to 87 months. As set out above, the district court adequately explained its reasons for the § 4A1.3 upward departure.

## III.

Nelson next contends that the district court ordered an upward departure without giving him an opportunity to argue against the departure or to request a continuance to prepare an argument against the departure. He explains that it was a "complete surprise that the District Court was considering an upward departure" and asserts that the district court should have sua sponte ordered a continuance to permit Nelson to prepare a defense against the upward departure. Based on this, Nelson asks us to find that the district court erred by failing to give notice of a contemplated departure from the guideline range and by failing to grant a continuance that was not requested.

Rule 32(h) requires that a district court provide notice before departing from the guidelines for a reason not identified in the PSI or a party's prehearing submission. Fed. R. Crim. P. 32(h). Before a district court imposes an upward

7

departure "on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government," the court must give "reasonable notice that it is contemplating such a ruling." Burns v. United States, 501 U.S. 129, 138, 111 S. Ct. 2182, 2187 (1991). However, this Court has held that language in a PSI which informs a defendant of the possibility of a departure based on § 4A1.3 is sufficient notice when it explains "that if reliable information indicates the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct, or the likelihood that the defendant would commit future crimes, the Court may consider imposing a sentence departing from the otherwise applicable guideline range." United States v. Dixon, 71 F.3d 380, 383 (11th Cir. 1995). Here, Nelson's PSI included identical language. Thus, Nelson received reasonable notice that his criminal history might serve as a basis for an upward departure.

In light of our conclusion that Nelson got reasonable notice of a potential departure and that he did not request a continuance, we find that the district court did not commit plain error when it did not grant a continuance.[3]

For these reasons, we affirm the sentence of the district court.

---

[3] Nelson concedes that "[o]rdinarily, the failure to request a continuance would result in plain error review." He asks, however, that we apply a de novo standard of review here because Nelson generally objected to the upward departure, even though he did not specifically object, or even ask, for a continuance. However, to the extent that we review the district court's failure to continue the sentencing hearing, we cannot ignore that he did not object to this issue below. Accordingly, we review the district court's decision under a plain error standard. United States v. Maurice, 69 F.3d at 1556.

**AFFIRMED**.