[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 12-12924; 12-12929
Non-Argument Calendar
_____

D.C. Docket Nos. 1:00-cr-00524-JAL-3,

1:00-cr-00875-JAL-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ULISES PRIETO,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(April 22, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In his consolidated appeal, Ulises Prieto argues that his sentence of 30-months imprisonment for violating the terms of his supervised release, to be served consecutive to his already imposed sentence of 262-months imprisonment, is procedurally and substantively unreasonable. Prieto contends that his sentence is procedurally unreasonable because the sentencing judge failed to calculate his guideline range. He argues that the sentencing judge was substantively unreasonable in imposing a consecutive, rather than concurrent, thirty-month term. The government responds that the sentencing judge was aware of the guidelines, and was not unreasonable in imposing a consecutive term of imprisonment. After careful consideration, we affirm Prieto's sentence.

I.

We review sentences imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). When reviewing the reasonableness of a sentence on appeal, we follow a two-step process. First, we determine whether the sentence is procedurally reasonable, then we decide whether it is substantively appropriate. United States v. Chavez, 584 F.3d 1354, 1364 (11th Cir. 2009). "The reasonableness of a final

sentence is reviewed only for an abuse of discretion." United States v. Williams, 526 F.3d 1312, 1321 (11th Cir. 2008).[1]

## II.

Procedurally, a district court may revoke a term of supervised release and impose a term of imprisonment after considering the factors outlined in 18 U.S.C. § 3553(a). United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007). "One of the factors a court must consider in sentencing following revocation is 'the kinds of sentence and the sentencing range established for—in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . .'" United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (quoting 18 U.S.C. § 3553(a)(4)(B)).

Here, the sentencing judge did not explicitly say that she considered the § 3553(a) factors. When a district court does not specifically mention the § 3553(a) factors, we may look to the record to see whether the district court did, in fact, consider the factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). This sentencing judge, who was familiar with Prieto from having previously sentenced him, described his criminal history and the serious nature of

---

[1] The government argues that Prieto's objection to the procedural reasonableness of the sentencing at the revocation hearing was insufficiently specific to preserve the issue for appeal. Accordingly, the government asks that we review Prieto's procedural reasonableness claim for plain error. See United States v. Maurice, 69 F.3d 1553, 1557–58 (11th Cir. 1995). Because we conclude that the district court was not procedurally unreasonable under the more stringent abuse-of-discretion standard, we need not consider this issue.

3

his offenses. "The Court [also] considered the statements of the parties and the information contained in the violation report." The sentencing judge explained she "[found] that a sentence within the guideline range is appropriate." The sentencing judge further explained that she was imposing a consecutive, rather than concurrent, term of imprisonment because Prieto's previous incarceration "seemed to have no impact on him as far as continuing committing very serious criminal conduct in, it seems, both a wholesale and retail end of the cocaine business." From this, we conclude that the district court sufficiently considered the § 3553(a) factors, see id., and explained its reason for imposing the sentence, see Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

As for Prieto's argument that the district court did not calculate the guideline range, the district court's consideration of the appropriateness of the guideline range was brief, but legally sufficient. "[F]or sentences imposed upon revocation of supervised release," we have held "it is sufficient that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing range established under the Guidelines." Campbell, 473 F.3d at 1349 (quotation marks, emphasis, and citations omitted).

4

Here, the record shows that the sentencing court was aware of and considered the guidelines. The sentencing judge said that she found a sentence within the guideline range to be appropriate, and imposed a sentence within that guideline range. See United States Sentencing Guidelines § 7B1.4 (Nov. 2012). Thus, we cannot say that Prieto's sentence was procedurally unreasonable.

III.

"[I]f a sentence is procedurally reasonable and is within the applicable Guidelines sentencing range, we review substantive reasonableness of the sentence by applying a deferential abuse of discretion standard of review." Chavez, 584 F.3d at 1365. Prieto argues that the sentencing judge was substantively unreasonable in imposing a consecutive, rather than concurrent, sentence because as a 50-year old man, this is tantamount to a sentence of life imprisonment.

Whether a term of imprisonment following revocation of supervised release is to be served consecutively or concurrently is a question entrusted to the discretion of the sentencing judge. United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir. 1998). This sentencing judge was well within her discretion to impose a consecutive sentence after considering Prieto's history of recidivism and the serious nature of his crimes. We note the policy statement of the Sentencing Commission, which says "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served

5

consecutively to any sentence of imprisonment that the defendant is serving . . . ."

U.S.S.G. § 7B1.3(f).  For these reasons, we conclude that the sentence is not

substantively unreasonable.

**AFFIRMED**.