[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16116
Non-Argument Calendar

_____

D. C. Docket No. 1:11-cr-00028-WLS-TQL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CASEY STAMPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 15, 2013)

Before DUBINA, Chief Judge, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Appellant Casey Stamps ("Stamps") appeals his 18-month prison sentence

for misprision of a felony, a violation of 18 U.S.C. § 4.  Stamps argues the district

court erred when it departed upward under U.S.S.G. § 5K2.21 based on consideration of uncharged conduct that did not have any relation to the charged offense.  The Government concedes error by the district court.  [Appellee Br. at 9.] Accordingly, we vacate the sentence and remand.

## I.

In the summer of 2010, law enforcement learned illegal drugs and prescription medications were being distributed at the U.S. Marine Corps Logistics Base in Albany, Georgia.  Law enforcement officers obtained wiretaps and began eavesdropping on the telephone conversations of suspected drug dealers.  It was through a wiretap that officers heard a conversation between Stamps, and Justin Mathis ("Mathis"), a suspected drug dealer.  Stamps, who apparently purchased drugs from Mathis for personal use, was overheard warning Mathis about the arrests of other drug dealers on the base and advising Mathis to be careful.  Based on this conversation, Stamps was indicted for misprision of a felony.

Officers arrested Stamps at his home on September 28, 2011.  At the time of the arrest, officers found four .22 caliber rifles, one 20-gauge shotgun, and one .243 caliber rifle in the home.   As a convicted felon, Stamps was prohibited from possessing firearms.  However, the Government never charged Stamps with the

2

offense of being a felon in possession of a firearm.  Stamps later plead guilty to misprision of a felony.

## II.

Based on Stamps' prior criminal history and offense level, his guideline range was zero to six months of imprisonment.  However, at the sentencing hearing, the district court departed upward and imposed a sentence of 18 months imprisonment.  The court, relying on U.S.S.G. § 5K2.21, primarily justified the departure based on Stamps' illegal possession of firearms.  Stamps did not raise any objection to the sentence at the time it was imposed; thus, we review for plain error only.  *United States v. Maurice*, 69 F.3d 1553, 1556 (11th Cir. 1995).

On appeal, the Government concedes Stamps' illegal possession of the firearms was not an appropriate basis for the district court's upward departure, citing our precedent in *United States v. Ellis*, 419 F.3d 1189 (11th Cir. 2005) in support.

## III.

Accordingly, based on the government's confession of error, we vacate Stamp's sentence and remand this case with direction to resentence without consideration of Stamps' illegal possession of the firearms.

**VACATED and REMANDED.**

3