[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15124
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20904-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD THOMAS MAGNOTTI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 3, 2018)

Before MARTIN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Richard Thomas Magnotti appeals his 105-month prison sentence, which

was 48 months above his advisory guideline range.  The district court considered

rehabilitation when it chose to lengthen Magnotti's term of imprisonment.  In so

doing, the district court violated the rule announced in <u>Tapia v. United States</u>, 564 U.S. 319, 131 S. Ct. 2382 (2011).  Beyond that, the district court failed to properly explain the basis for his sentence.  Therefore, we vacate Magnotti's sentence and remand for a new sentencing hearing.

## I.

Magnotti pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  In his sentencing memorandum, Magnotti raised his homelessness, his solitude, his need for treatment, and his desire to be off of the streets as mitigating in favor of a shorter sentence.  Through a mitigation witness, his attorney, and his own allocution, Magnotti asked the district court for mercy in light of this background.

The district court calculated Magnotti's advisory guideline range as 46 to 57 months.  The court then said that the 46 to 57 month range underrepresented Magnotti's criminal history and explained that she would therefore be "sentencing [Magnotti] outside [the] advisory guideline range."

After announcing Magnotti's sentence would be 98 months, the court brought both the prosecutor and Magnotti's lawyer to sidebar and said, "I think I just said the wrong number.  I think it would be 105, and I will tell you why.  He's never going to adjust to the outside."  The court continued, "[a]t least with 105, he's going to have medical care and a—he has nobody on the outside.  I don't

2

know what's worse, should I let him die in prison or . . . ."  In response, the government noted that it "suggested 105 [months] instead of agreeing to the 84 [] precisely for the reasons that you just articulated."  The court then recognized that Magnotti was "probably going to appeal me."  After concluding that "he's institutionalized," the court told both attorneys "you know what I'm doing when I go back on the record."

Just after the sidebar conference underlying Magnotti's <u>Tapia</u> claim, the court pronounced Magnotti's 105-month sentence, and Magnotti "object[ed] . . . on reasonableness grounds."  This appeal followed.

## II.

On appeal, Magnotti argues that his sentence was procedurally and substantively unreasonable.  In reviewing the reasonableness of a sentence, we must "first ensure that the district court committed no significant procedural error, such as . . .  failing to adequately explain the chosen sentence."  <u>Gall v. United States</u>, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  If we do not find procedural error, we must "then consider the substantive reasonableness of the sentence . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  <u>Id.</u>

In <u>Tapia</u>, the Supreme Court held that a court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or

3

otherwise to promote rehabilitation." 564 U.S. at 335, 131 S. Ct. at 2393. Applying the Supreme Court's ruling in Tapia, this Court has declined to "limit Tapia to situations where the district court either 1) specifically tailors the length of a defendant's sentence to permit completion of a rehabilitation program or 2) makes rehabilitation the dominant factor in the sentencing court's calculus." United States v. Vandergrift, 754 F.3d 1303, 1310 (11th Cir. 2014) (quotation omitted). Indeed, in Vandergrift, this Court said that "Tapia prohibits any consideration of rehabilitation when determining whether to impose or lengthen a sentence of imprisonment." Id. Tapia claims are claims of procedural error, as they involve the consideration of an improper 18 U.S.C. § 3553(a) factor. See id. at 1308.

### III.

We review the reasonableness of a sentence for abuse of discretion when a party preserves the issue. United States v. Irey, 612 F.3d 1160, 1189, 1223 n.44 (11th Cir. 2010) (en banc); United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010) (per curiam). The record indicates that Magnotti preserved his Tapia objection.

His objection arises out of a sidebar conversation between the district court and counsel. Immediately after this sidebar conversation, the court pronounced Magnotti's sentence, and Magnotti "object[ed] . . . on reasonableness grounds."

Reasonableness challenges require us to determine whether the sentencing court "committed any significant procedural error." United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014). As noted, Tapia claims are claims of procedural error, asserting the consideration of an improper 18 U.S.C. § 3553(a) factor. See Vandergrift, 754 F.3d at 1308. This Court has accepted similarly phrased objections as sufficient to preserve challenges to a sentence's procedural reasonableness. See, e.g., United States v. Carpenter, 803 F.3d 1224, 1232–36 (11th Cir. 2015) (reviewing procedural and substantive reasonableness of a sentence for abuse of discretion where the defendant objected "to the substantive and procedural reasonableness of the sentence" (quotation omitted)).

This Court has also found an objection to a sentence's reasonableness sufficient to preserve arguments made in a sentencing memorandum and raised during the sentencing hearing. See Irey, 612 F.3d at 1223 n.44. In his sentencing memorandum, Magnotti raised his homelessness, his solitude, his need for treatment, and his desire to be off of the streets as mitigating in favor of a shorter sentence. Through a mitigation witness, his attorney, and his own allocution, Magnotti asked the district court for mercy in light of these facts. And Magnotti made his objection just after the sidebar conference where the district court first indicated it considered Magnotti's rehabilitative needs in lengthening his sentence. This record indicates that at the time the district court announced Magnotti's

sentence, his "objection [was] preserved and the grounds [were] clear to the sentencing court." United States v. Maurice, 69 F.3d 1553, 1557 (11th Cir. 1995) (holding that a general objection made after the district court pronounced sentence sufficed to preserve arguments made before pronouncement where the reasons for the objection were clear). The diligent district judge seemed to have been aware that Magnotti had preserved this objection. Just after discussing Magnotti's rehabilitative needs, she recognized that Magnotti was "probably going to appeal me." Since Magnotti preserved his Tapia claim, we review it for abuse of discretion.

## IV.

The district court ran afoul of Tapia and Vandergrift. The court did say that the 46 to 57 month guideline range underrepresented Magnotti's criminal history and used that finding to explain "sentencing [Magnotti] outside [the] advisory guideline range." But that is not all the court considered in issuing a sentence 48 months above the top end of Magnotti's guideline range. After announcing that Magnotti's sentence would be 98 months, the court brought both the prosecutor and Magnotti's lawyer to sidebar and said, among other things, "[a]t least with 105, he's going to have medical care and a—he has nobody on the outside." The court also referred to Magnotti as "institutionalized."

Thus, the district court expressly considered Magnotti's rehabilitation—his need for medical care, his solitude, and his ability to adjust to the world outside prison walls—in lengthening his prison sentence.  In prison, the court explained, Magnotti would "have medical care," so extending his prison term for his lifetime might be best.  In this way, the district court did not heed this Court's rule that "the need for medical care may not be considered in fixing the length of imprisonment." United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998); see also Vandergrift, 754 F.3d at 1310–11 (citing Vautier).  Noting that Magnotti would "never adjust to the outside" and that "he ha[d] nobody on the outside," the district court lengthened Magnotti's sentence on the theory that he should "remain in prison only until he [would be] able to reenter society safely."  Tapia, 564 U.S. at 324, 131 S. Ct. at 2386.  We understand this to violate Tapia.  See id.

There is no doubt that the district court faced difficult facts in sentencing Magnotti, and neither do we doubt that the district judge had good intentions. Nonetheless, our read of the record shows that the district court lengthened Magnotti's term of incarceration so as to promote rehabilitation, and therefore violated Tapia and Vandergrift.

We likewise find that the district court did not properly explain its sentence to Magnotti.  First, the court did not "state in open court the reasons for its imposition of the particular sentence," but rather did so at a sidebar conference

7

with counsel.  18 U.S.C. § 3553(c).  Only because the court reporter recorded the sidebar conversation can we identify the court's procedural error and, therefore, conduct meaningful appellate review.  See Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis for exercising h[er] own legal decisionmaking authority.").

Second, the only explanation Magnotti received was that the district court would not apply his guideline range because of his criminal history.  But we know this is not all the court took into account in fashioning his sentence.  And, at least at the time, Magnotti could not have known the court's actual considerations.  This left Magnotti functionally absent at a critical portion of his sentencing hearing, such that he did not have an opportunity to challenge the district court's rationale for lengthening his sentence.  See Kentucky v. Stincer, 482 U.S. 730, 745–47, 107 S. Ct. 2658, 2667–68 (1987) (reaffirming that a defendant has a due process right to be present "at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure"); see also United States v. Jackson, 923 F.2d 1494, 1496 (11th Cir. 1991) ("A defendant is entitled to be present when his sentence is imposed . . . and this right to be present and speak is constitutionally based.").

## V.

The district court improperly considered rehabilitation in lengthening Magnotti's term of imprisonment and failed to properly explain to Magnotti the reasons for his sentence.  Thus, we vacate his sentence and remand for resentencing.  Magnotti's remaining claims of procedural and substantive unreasonableness are now moot.  We do not address Magnotti's ineffective assistance of counsel claim because the record is not sufficiently developed at this stage.  See United States v. Tynsdale, 209 F.3d 1292, 1294 (11th Cir. 2000) (per curiam).

**VACATED AND REMANDED.**

FAY, Circuit Judge, concurring in the result:

In *Tapia v. United States*, 564 U.S. 319, 131 S. Ct. 2382 (2011), the Supreme Court made it clear that 18 U.S.C. § 3582(a) prohibits federal sentencing judges from imposing or lengthening a prison term in order to promote a defendant's rehabilitation. The majority finds a violation and remands for a new sentencing. I have doubts that there was a violation.

First, I doubt that defense counsel made an objection that would inform the sentencing judge that she was violating *Tapia*.[1] Consequently, the standard of review would be plain error. Also, it seems reasonable to conclude that the District Judge arrived at the 105-month sentence based upon Magnotti's extensive criminal background which included 24 separate events dating back to 1972. That is what she said. However, at the sidebar conference with counsel, the Judge did mention that as a consequence of her sentence, "he's going to have medical care . . ." and extending his prison term for his lifetime might be best.

Since I am simply not certain whether these factors played a role in determining the length of the sentence or rather are merely consequences that flow from it, I concur in the result.

---

[1] The objection by defense counsel was: "Judge, I will object to the high end of the guideline. I know my recommendation was 84 months, based on his criminal history. I will object to on reasonableness grounds to the 105-month sentence."