[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13411
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20076-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO VAZQUEZ,
a.k.a. Emilio Serralles,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2019)

Before MARCUS, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Emilio Vazquez appeals the procedural and substantive reasonableness of his

120-month sentence—33 months above the top end of his guideline range—

imposed after pleading guilty to 1 count of wire fraud, in violation of 18 U.S.C. § 1343.  On appeal, he argues that his sentence is procedurally unreasonable because the district court erred by using the statutory maximum sentence of 20 years' imprisonment as the "starting point" for fashioning his sentence.  He also argues that the sentence is substantively unreasonable.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We review for plain error a procedural challenge raised for the first time on appeal. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  When analyzing a claim under the plain error standard, we will look to see (1) whether the district court committed an error, (2) that is plain, and (3) that affects substantial rights, and if so, will reverse only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003).  Plain error cannot be established where the explicit language of a statute or rule does not resolve an issue and there is no precedent from the Supreme Court or our Court directly resolving it.  *Id.* at 1291.

The third prong is satisfied when the defendant establishes "a reasonable probability that, but for the error, the outcome of the proceedings would have been different."  *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005)

2

(quotation marks omitted).  The Supreme Court has held that, "[i]n most cases, a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome."  *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).  The Court cautioned that there could be some instances when, despite the application of an erroneous Guidelines range, a reasonable probability did not exist because the sentencing court's explanation made it clear that the court based its sentence on factors independent of the Guidelines.  *Id.*  at 1346-47.  However, where the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights.  *Id.* at 1347.  The Supreme Court has held that, in the ordinary case, the failure to correct a plain guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings.  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018).

To preserve an objection for appeal, the defendant "must raise that point in such clear and simple language" that it "inform[s] the district court of the legal basis for the objection."  *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (quotation marks omitted).  In *United States v. Carpenter*, we held that the defense counsel's statement that it objected "to the substantive and procedural

3

reasonableness of the sentence" preserved the defendant's objections that the district court procedurally erred by failing to consider a number of § 3553(a) factors, treated the Guidelines as presumptively reasonable, and failed to provide a sufficient explanation for rejecting his argument for downward variance. 803 F.3d 1224, 1232-34. Nevertheless, we found that the defendant's objection was insufficient to preserve his challenge to the special conditions of his supervised release. *Id.* at 1237-38. In *United States v. Maurice*, we held that the defendant's objection at sentencing "as to the departure" was insufficient to preserve his three specific objections to the departure. 69 F.3d 1553, 1556-57 (11th Cir. 1999) (quotation marks omitted); *see also United States v. Cosgrove*, 73 F.3d 297, 303 (11th Cir. 1996) (holding that the defendant's objection at sentencing that it was "unfair" to inform him at sentencing about the sentencing policy rather than at the plea stage did not amount to an objection that the sentencing policy violated the defendant's due process rights) (quotation marks omitted).

We use a two-step process to review a sentence's reasonableness. *Gall*, 552 U.S. at 51. First, we must confirm "that the district court committed no significant procedural error such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. The district court "must treat the

4

Guidelines as the starting point and the initial benchmark" in selecting a sentence. *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quotation marks omitted); *see also Molina-Martinez*, 136 S. Ct. at 1346 (providing that "the Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar"). "[D]istrict courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quotation marks omitted). "Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*." *Id.* at 542 (quotation marks omitted). The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). After we determines that no procedural error occurred, we then examine the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51.

As an initial matter, Vazquez's objection to the way in which the sentence was pronounced and the court's sentencing rulings was insufficient to preserve his objection that the district court erred by using the statutory maximum sentence as the "starting point" for its sentencing determination. *See Maurice*, 69 F.3d at

5

1556-57; *Cosgrove*, 73 F.3d at 303.  Accordingly, we review for plain error.  *See Vandergrift*, 754 F.3d at 1307.

The government concedes the district court committed an error and that the error was obvious.  *See Lejarde-Rada*, 319 F.3d at 1290.  However, the government argues that Vazquez has not satisfied the third prong of the plain error standard.  We disagree.  Vazquez has established a reasonable probability that, but for the error, the outcome of the proceedings would have been different.  *See Henderson*, 409 F.3d at 1308.  Because the record is silent as to what the district court would have done had it considered both the aggravating and mitigating factors in reference to the advisory guideline range, Vazquez has shown that the error affects his substantial rights. *See Molina-Martinez*, 136 S. Ct. at 1347; *Lejarde-Rada*, 319 F.3d at 1290.  Finally, the error satisfies the fourth plain-error prong because failure to correct a plain guidelines error that affects a defendant's substantial rights will ordinarily seriously affect the fairness, integrity, and public reputation of judicial proceeding.  *See Rosales-Mireles*, 138 S. Ct. at 1908.  And because there is nothing in the instant record to distinguish this case from the ordinary case in this regard, we conclude that Vazquez has satisfied this fourth prong of the plain error standard.  *Id.* at 1909 & n.4.  Because the district court plainly procedurally erred in sentencing Vazquez, we do not reach the substantive

reasonableness of his sentence.  Accordingly, we vacate and remand for resentencing.

**VACATED AND REMANDED FOR RESENTENCING.**