[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13204
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00136-WS-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELLY GENE COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 30, 2018)

Before MARCUS, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Kelly Gene Collins appeals his 57-month sentence imposed following the revocation of his probation. On appeal, Defendant argues that the district court imposed an unlawful sentence that exceeded the statutory limits permitted for a sentence imposed upon revocation of supervised release. He also challenges the reasonableness of his sentence. After careful review, we affirm.

## I.    BACKGROUND

In 2012, Defendant pled guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(9). As part of the plea agreement, Defendant admitted that he possessed a 9mm machinegun pistol that did not have a serial number, after having been convicted of assault and battery of a family member in 2003. At the sentencing hearing in 2013, the district court calculated the guideline range as 57 to 71 months' imprisonment based on a total offense level of 23 and a criminal history category of III. Defendant informed the court that he had served in the Marine Corps for 10 years, had received two purple hearts, a bronze star, and a silver star, and had been the sole survivor of a helicopter crash in Iraq. Noting that the guidelines called for a significant amount of incarceration, the district court placed significant weight on Defendant's military service and varied downward to five years of probation with six months of home confinement.

2

Approximately two years later and before the expiration of his term of probation, the district court issued a warrant for Defendant's arrest based on an alleged violation of the conditions of his probation.  Specifically, Defendant had been arrested and charged with battery (domestic violence).  Defendant later admitted that he had violated the conditions of his probation and waived his right to a revocation hearing on the violation.

At the revocation hearing, the district court accepted Defendant's admission that he had violated the terms of his probation.  The Government asked the court to resentence Defendant under 18 U.S.C. § 3565, which permits a court, after considering the 18 U.S.C. § 3553(a) factors, to revoke probation and resentence a defendant who has violated a condition of probation.  The Government recommended a sentence of 57 months' imprisonment, which was the low end of the original guideline range, given that Defendant had provided untruthful information concerning his education and military service at the original sentencing hearing.  The court noted that Defendant had received a sentence to which he was not entitled because of his untrue statements, and that, if it had known the truth, it would not have sentenced Defendant to probation.  Accordingly, the district court sentenced Defendant to 57 months' imprisonment, followed by 12 months of supervised release.

3

Defendant did not file an appeal.  In 2017, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing in relevant part that his attorney was ineffective for failing to file a direct appeal.  A magistrate judge entered a Report and Recommendation ("R&R"), recommending that Defendant's § 2255 motion be granted to permit him to file an out-of-time appeal.  The district court adopted the R&R, granted the § 2255 motion, vacated the judgment entered in Defendant's case, and sentenced Defendant to 57 months' imprisonment.  This appeal followed.

## II.    DISCUSSION

### A.    Legality of Sentence Imposed Upon Probation Revocation

Defendant first argues that the district court's imposition of a 57-month sentence was illegal because it exceeded the statutory maximum sentence permitted for a sentence imposed upon the revocation of supervised release.

Because Defendant did not raise this argument before the district court, our review is limited to plain error.[1]  *United States v. Mangaroo*, 504 F.3d 1350, 1353 (11th Cir. 2007).  Defendant essentially argues that his revocation sentence was illegal because it exceeded the statutory maximum term permissible for a sentence imposed upon revocation of supervised release under 18 U.S.C. § 3583(e)(3).  Section 3583 provides that when a court revokes supervised release, a defendant

---

[1]  "The plain-error test has four prongs:  there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"  *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013).

4

may not be required to serve more than two years in prison if the offense that resulted in supervised release is a Class C felony. 18 U.S.C. § 3583(e)(3). A violation of 18 U.S.C. § 922(g) is a Class C felony. *See* 18 U.S.C. § 924(a)(2) (explaining that a violation of § 922(g) carries a statutory maximum of 10 years' imprisonment); 18 U.S.C. § 3559(a)(3) (providing that a Class C felony carries an imprisonment term between 10 and 25 years).

Defendant, however, cannot show error, let alone plain error because his proceedings did not involve the revocation of supervised release. Instead, his probation was revoked pursuant to 18 U.S.C. § 3565. That statutory provision provides that, if a defendant violates a condition of probation before expiration of the term of probation, the district court may, after considering the 18 U.S.C. § 3553(a) factors:

> (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

> (2) revoke the sentence of probation and resentence the defendant under subchapter A.

18 U.S.C. § 3565(a).

Defendant asserts that the district court referred to the proceedings as supervised release revocation proceedings on more than one occasion. Specifically, the docket entries for the initial appearance, the order scheduling the final revocation hearing, and the final judgment refer to "Revocation of Supervised

5

Release." Because the court characterized the proceedings as supervised release revocation proceedings, Defendant contends that the court was barred from imposing a sentence greater than two years' imprisonment pursuant to § 3583(e). Defendant is simply wrong.

The record is clear that the proceedings before the district court concerned probation revocation proceedings. Indeed, Defendant was sentenced to five years of probation on the underlying § 922(g) offense. The arrest warrant issued for Defendant alleged that he had violated a condition of probation. Further, at the revocation hearing, the district court found that Defendant had "violated the terms and conditions of probation." Because the proceedings involved probation revocation, the district court was permitted under § 3565 "to revoke the sentence of probation and resentence" Defendant to 57 months' imprisonment. *See* 18 U.S.C. 3565(a)(2). Accordingly, Defendant has failed to establish that the district court committed error, much less plain error by imposing an illegal sentence.

### B.    Reasonableness of Sentence

Defendant argues that his 57-month sentence is unreasonable because the district court failed to consider the § 3553(a) factors. He also contends that the record is not sufficient for appellate review.

Using a two-step process, we review the reasonableness of a sentence imposed by the district court for an abuse of discretion. *United States v. Cubero*,

754 F.3d 888, 892 (11th Cir. 2014).  We first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors,[2] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  *Id.*  Then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances.  *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Defendant did not object to his sentence before the district court, so our review is limited to plain error.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (explaining that plain-error review applies to procedural reasonableness arguments raised for the first time on appeal).  Defendant, however, has not shown error, plain or otherwise.

First, the record refutes Defendant's argument that the district court failed to consider the § 3553(a) factors.  In sentencing Defendant, the district court listened

---

[2] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

to the parties' arguments and stated that it needed to impose a sentence that would satisfy the sentencing objectives set forth under § 3553(a). *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007) ("The district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. Rather, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice." (citation omitted)). The district court also discussed Defendant's dishonest statements during the original sentencing hearing, Defendant's prior criminal convictions, and Defendant's history of violence, all of which bore on his history and characteristics. The fact that the court emphasized one particular factor does not mean that it failed to consider all of the factors. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) ("[T]he fact that the district court emphasized one § 3553(a) factor, the seriousness of the offense, does not mean that [the defendant's] sentence was unreasonable.").

We are also not persuaded by Defendant's argument that the record is not sufficiently developed for us to review the reasonableness of his sentence. The district court explained that it would apply the guideline range that was applicable at the original sentencing: 57 to 71 months' imprisonment. *See United States v. Cook*, 291 F.3d 1297, 1300 (11th Cir. 2002) (explaining that "a district court *may* sentence a probation violator within the range that was available at the time of the

initial sentencing" (emphasis in original)).  In fact, the district court also considered whether, given Defendant's obstruction of justice, it was appropriate to deny him the three-level reduction for acceptance of responsibility that he had received at the original sentencing hearing, which would have resulted in a higher guideline range.  Nonetheless, the district court followed the Government's recommendation and imposed a 57-month sentence.  We conclude that the court "set forth enough to satisfy [us] that [it] ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).

Accordingly, Defendant's sentence is **AFFIRMED.**[3]

---

[3] We also reject Defendant's argument that the district court failed to elicit objections to the sentence, in violation of *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993).  After imposing sentence, although the court stated, "Anything further . . .?," it immediately said, "Any objections or other matters we need to put on the record."  *See United States v. Maurice*, 69 F.3d 1553, 1557 (11th Cir. 1995) (explaining that a district court complies with *Jones* by specifically asking for objections following sentencing).